FILED

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2020 AUG -6 PM 12: 54

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

Cherance Monelle,
(your name)
Petitioner, *pro se*

v.

WILLIAM P. BARR, Attorney General of the United States; CHAD WOLF, Acting Secretary, U.S. Department of Homeland Security; MICHAEL MEADE, Field Office Director for Detention and Removal, U.S. Immigration and Customs Enforcement; SCOTTY RHODEN, Baker County Sheriff; DEPARTMENT OF HOMELAND SECURITY,

Respondents.

No. 3:20-cv-882-J-32JBT
(Leave blank)

Agency No. A 075-842-006
(Alien number)

## PRO SE PETITION FOR WRIT OF HABEAS CORPUS

Petitioner, Cherance Monelle, has presently been detained by federal immigration
(Name – First and Last)

authorities for a total of 6 months while awaiting removal to St. Lucia, the country of
(Country Name)

his birth, and St. Lucia, has refused to issue travel documents to
(Country Name)

him. Petitioner was ordered removed by Immigration Judge or Board of Immigration Appeals,
(Circle One)

on 02-13-2020
(Date – Month Day, Year)

Petitioner entered immigration custody on 12-24-2019 and has been detained in
(Date – Month Day, Year)

the following immigration detention facilities Baker, Miami Krome, Glades County
(List facilities, most recent first)

1

where he has languished for _6_ months. Petitioner files this Petition for a Writ of Habeas Corpus to remedy his ongoing detention in violation of the Supreme Court's decision in Zadvydas v. Davis, 533 U.S. 678 (2001). Petitioner does not challenge the validity of the removal order against him. Rather, he challenges his continued detention by Respondents, who refuse to release him even though they are unable to deport him and will be unable to deport him in the reasonably foreseeable future. Petitioner states as follows:

## JURISDICTION

1. This action arises under the United States Constitution and the Immigration and Nationality Act of 1952, 8 U.S.C. § 1101 et seq. ("INA"), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 1570. This Court has jurisdiction over this petition for writ of habeas corpus under 28 U.S.C. § 2241, art. I, § 9, cl. 2 of the United States Constitution ("Suspension Clause"), and 28 U.S.C. § 1331. Petitioner is presently in custody under color of the authority of the United States, and such custody is in violation of the Constitution, laws, or treaties of the United States. See Zadvydas v. Davis, 533 U.S. 678 (2001). This Court may grant relief pursuant to 28 U.S.C. § 2241, and the All Writs Act, 28 U.S.C. § 1651.

## VENUE

2. Venue in this District is proper under 28 U.S.C. § 1391 because the Officer in Charge who makes custody decisions in Petitioner's case is located within this judicial district and Petitioner is detained within this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

3. Petitioner has exhausted his administrative remedies to the extent required by law.

No statutory exhaustion requirements apply to Petitioner's claim of unlawful detention, and the only remedy for his continued unlawful indefinite detention is by way of this judicial action.

## PARTIES

4. Petitioner was born in **Deenwey St. Lucia** (City, Country) on **07-15-1949** (Date - Month Day, Year). He has resided in the United States since his entry in **02-26-2001** (Date – Month Day, Year) and has lived in Florida since **09-25-2014** (Date – Month Day, Year). He is currently detained at **Baker County Detention Center** (Facility Name) detention facility at **1 Sheriff Office Drive Macclenny, FL, 32063** (Facility Address)

5. Respondent William P. Barr. is sued in his official capacity as the Attorney General of the United States. In that capacity, he has responsibility for the administration and enforcement of the immigration laws pursuant to 8 U.S.C. § 1103 and is a legal custodian of Petitioner.

6. Respondent Chad Wolf is sued in her official capacity as Acting Secretary of Homeland Security. In that capacity, she also has responsibility for the administration and enforcement of the immigration laws pursuant to 8 U.S.C. § 1103 and is Petitioner's legal custodian.

7. Respondent Michael Meade is sued in his official capacity as Field Office Director for Detention and Removal, U.S. Immigration and Customs Enforcement. As Field Office Director for Detention and Removal, he is Petitioner's legal custodian.

8. Respondent Scotty Rhoden is sued in his official capacity as Baker County Sheriff. As Sheriff of the facility where Petitioner is detained, he is Petitioner's legal custodian.

9. The Department of Homeland Security is the agency responsible for enforcing the

3

immigration laws and is Petitioner's legal custodian.

## STATEMENT OF FACTS

10. Petitioner reserves the right to amend and supplement this statement of facts after he receives a copy of his file from immigration authorities.

11. Petitioner was born on __07-15-1949__ in __Deenwey, St. Lucia__
   (Date – Month Day, Year)   (City, Country)

12. The following members of Petitioner's family are either citizens or green card holders: (Please indicated either "citizen" or "green card" next to each name) __Mary Ceasar, U.S. Citizen; Roselyn Theodore, U.S. Citizen; Henry Monelle U.S. Citizen; Bianca Holy Monelle U.S. Citizen;__

13. Petitioner was ordered removed from the United States on __02-13-2020__
   (Date – Month Day, Year)

14. Appeal? __NO__ Petitioner's appeal was denied on __N/A__.
   (Yes or No)   (Date – Month Day, Year)

15. Petitioner has been detained in the following locations: __Baker County Detention Center; Miami Krome Detention Center; Galates County Jail;__

16. Since Petitioner has been detained, he has made various efforts to facilitate his deportation. He has: (Circle all those that apply)

   a. Written _____ letters to his consulate asking for them to issue travel documents. (attach copies of letters)

4

b.) Filled out form from DHS requesting travel documents to his consulate.

c.) Called his consulate to ask for issuance of travel document __2__ times. (Provide dates of calls and names of individuals you spoke to) Around the begining of March 2020 and the end of March 2020 I spoke to the St-Lucia Consulate

d.) Provided his deportation officer with the following documents or information to assist with his deportation: Birth certificate, family tree like my mothers name, brother & sisters names.

17. The response from the consulate or Embassy was as follows: (The consulate or Embassy staff are hired by your home country and are in charge of issuing permission to you to return to that country once your identity and nationality can be verified. There should be a way to call your consulate for free from the jail. Consulate and Embassy staff are <u>not</u> the same as deportation officers.) (circle all that apply)

    a. The jail where I am detained does not have free phone lines to the consulate, or they do not work and I have been unable to call. (please explain)

    _____

    _____

    b. The consulate never responded or never gave me any information.

    c.) I spoke to ~~Mr./Ms.~~ _Consulate_ from the consulate who told me that St-Lucia don't recognised me as a citizen in the system.

    d. I received the attached letter from my consulate saying that (attach letter) ___

18. To date, Petitioner has spent a total of __160__ (Days) languishing in administrative immigration detention.

19. Petitioner is unlikely to be removed in the reasonably foreseeable future.

## EQUAL ACCESS TO JUSTICE ACT

20. The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, permits this Court to award attorney fees and costs to Petitioner if he prevails because this action is a civil action brought against agency officials and an agency of the United States.

## CLAIMS FOR RELIEF

### COUNT ONE

### STATUTORY VIOLATION

21. Petitioner re-alleges and incorporates by reference all paragraphs above.

22. Petitioner has been in the physical custody of the Department of Homeland Security ("DHS") and Immigration and Customs Enforcement ("ICE") for __180__ (Days). He has repeatedly applied for documents from the government of __St-Lucia__ (Country Name). The government of __St-lucia__ (Country Name) has not issued travel documents. Petitioner has described in paragraphs 16 and 17 above the attempts made and the responses given for why he has not been deported. Based on these efforts and responses, and the length of Petitioner's administrative detention, the United States government is unlikely to be able to effect his deportation in the reasonably foreseeable future.

23. Petitioner's detention in federal custody violates § 241(a)(6) of the Immigration and Nationality Act, 8 U.S.C. § 1231(a)(6), as interpreted by the U.S. Supreme Court in <u>Zadvydas</u>. The six-month presumptively reasonable period of detention to allow for removal efforts has lapsed. Petitioner is unlikely to be deported in the reasonable foreseeable future, among other reasons, due to the long-standing refusal of the <u>St-lucia</u> government to issue travel
(Country Name)
documents to Petitioner. The U.S. Supreme Court held in <u>Zadvydas</u> that the continued indefinite detention of an alien in Petitioner's circumstances is not authorized by INA § 241(a)(6). <u>See</u> <u>Zadvydas</u>, 533 U.S. at 689, 699.

## COUNT TWO
## SUBSTANTIVE DUE PROCESS VIOLATION

24. Petitioner re-alleges and incorporates by reference paragraphs 1 to 27 above.

25. Petitioner's continued indefinite detention violates his right to substantive due process by depriving him of his fundamental liberty interest. The U.S. Supreme Court recognized in <u>Zadvydas</u> that aliens in Petitioner's circumstances, who are admitted to the United States and subject to a final order of removal, yet languish in detention pending their illusory removal to their countries of origin, are protected by the Due Process Clause. <u>Id.</u> at 690-95. They may only be detained for a period of time reasonably necessary to secure their removal. <u>Id.</u> at 689.

26. <u>Zadvydas</u> established that although the Government ordinarily secures an alien's release during a ninety day removal period, the government has six months during which it is presumptively reasonable to detain an alien. However, once that six month period has elapsed, where there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence to the contrary.

27. There is very good reason to believe that Petitioner is not likely to be removed in the

reasonably foreseeable future. Namely, 1) federal immigration authorities have been unsuccessful at removing Petitioner to __St-Lucia__ even though they had more than
(Country Name)
sufficient time during the __6__ months during which Petitioner has languished in detention. Additionally, efforts made by Petitioner to assist in his deportation, described in paragraphs 16 and 17 have been unsuccessful in obtaining travel documents for Petitioner.

28. Because Petitioner is not likely to be removed in the reasonably foreseeable future, the government does not have the authority to continue this deprivation of Petitioner's liberty. The due process clause requires that the deprivation of Petitioner's liberty be narrowly tailored to serve a compelling government interest. While the government would have a compelling government interest in detaining an alien in order to effect his removal, such interest does not exist when the alien has already been detained more than six months for purposes of removal but is unlikely to be removed in the reasonably foreseeable future. Because it is not likely that Petitioner will be removed in the reasonably foreseeable future, his detention is not narrowly tailored to serve a compelling government interest and violates his right to substantive due process under the U.S. Constitution.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner requests that this Court:

1. Assume jurisdiction over this matter.

2. Issue a writ of habeas corpus directing Respondents to immediately release Petitioner from custody.

3. Award Petitioner reasonable fees and costs; and

4. Grant such further relief as the Court deems just and proper.

Respectfully submitted,

08-13-2020
Date

Sign Name _Cherance Monelle_
Print Name Cherance Monelle
Pro Se Petitioner
Mailing address: 1 Sheriff
office Drive,
MacClenny Fl. 32063

## VERIFICATION

I, MR. Monelle, hereby declare under penalty of perjury that, to the best of my knowledge and belief, the matters set forth in the foregoing Pro Se Petition for Writ of Habeas Corpus are true and correct.

08-13-2020
Date

Cherance Monelle
Name

## CERTIFICATE OF SERVICE BY MAIL

I certify that I served by mail a true and correct copy of the above Pro Se Petition for Habeas Corpus to the above captioned Respondents to:

U.S. Attorneys Office, Civil Division
Jacksonville Division
300 N. Hogan Street, Suite 700
Jacksonville, Florida 32202

**AND**

Clerk of Court
United States Courthouse
300 North Hogan Street Suite 9-150
Jacksonville, FL  32202

08-13-2020
Date

Cherance Monelle.
Name

9